FILED
United States Court of Appeals
Tenth Circuit

March 9, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

     Petitioner - Appellant,

v.

LOU ARCHULETA, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

     Respondents - Appellees.

No. 20-1326
(D.C. No. 1:14-CV-02276-SKC)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Jason Brooks is a Colorado prisoner.[1] He seeks a certificate of appealability

(COA) to appeal the district court's rulings on two motions in this habeas corpus case.

The first motion purported to request relief under Federal Rule of Civil Procedure

60(b)(6), and the second motion asked the district court to reconsider its ruling on the

first motion. We deny Mr. Brooks a COA and dismiss this matter.

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Mr. Brooks represents himself. We construe his filings liberally without going so far as to assume the role of his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  Background

In 2010, Mr. Brooks pleaded guilty in a Colorado court to securities crimes.  He received a thirty-two-year prison sentence.  In 2014, he filed his first habeas corpus petition under 28 U.S.C. § 2254.  The petition failed.  In the years since, Mr. Brooks has filed three unsuccessful motions in this court seeking authorization to file a second or successive § 2254 petition.  And in 2017, he sought relief in the district court, purportedly under Rule 60(b)(6), but the district court construed the filing as a second or successive § 2254 petition.

In 2020, Mr. Brooks filed the two motions that concern us here.  In the first motion, styled a Rule 60(b)(6) motion, Mr. Brooks attacked his Colorado convictions on three theories, arguing that he did not sell "securities" as the term is used in the Colorado Securities Act, that Colorado lacked jurisdiction to prosecute him, and that enforcing the Colorado Securities Act violates due process.  The district court construed the motion as an unauthorized second or successive § 2254 petition and concluded that it lacked jurisdiction to consider the merits of the claims.  Mr. Brooks moved for reconsideration, and the district court reiterated its jurisdictional ruling.

## II.  Discussion

The district court's ruling that it lacked jurisdiction over the merits of Mr. Brooks's claims was a procedural ruling, hinging on its decision that the claims should be treated as second or successive § 2254 claims even though Mr. Brooks labelled them as Rule 60(b)(6) claims.  To obtain a COA, then, Mr. Brooks must show "that

2

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Brooks cannot make that showing. A district court lacks jurisdiction to address the merits of a second or successive § 2254 claim unless the appropriate court of appeals has authorized the claim to be filed. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). A Rule 60(b)(6) motion in a habeas corpus case will be treated as a second or successive § 2254 petition if it asserts, or reasserts, "claims of error in the movant's state conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). Because the claims in Mr. Brooks's purported Rule 60(b)(6) motion attack his Colorado convictions, no reasonable jurist could debate the district court's decision to treat those claims as unauthorized second or successive § 2254 claims.

Mr. Brooks does not dispute that his claims target his Colorado convictions. Instead, he argues that his claims nevertheless fit under Rule 60(b)(6) because they arise from extraordinary circumstances. This argument addresses the wrong question. To be sure, relief under Rule 60(b)(6) is available only under extraordinary circumstances. *Gonzalez*, 545 U.S. at 536. But the question before us is not whether Mr. Brooks presented a *meritorious* motion under Rule 60(b)(6); the question is whether he presented a motion under Rule 60(b)(6) at all. He did not. He presented § 2254 claims alleging error in his Colorado convictions. The district court's ruling that it lacked jurisdiction to address the merits of those claims is not debatable. *See Cline*, 531 F.3d at 1251.

3

### III.  Conclusion

We grant Mr. Brooks's motion to proceed without prepaying fees, deny his application for a COA, and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk